■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO POLANCO, Appellant.—Judgment, Supreme Court, New York County (Ira Beal, J.) rendered June 23, 1988, convicting defendant after a jury trial of two counts of burglary in the first degree, and one count of assault in the second degree, and sentencing defendant as a persistent violent felony offender to concurrent terms of 15 years to life, unanimously affirmed.

This conviction arose out of a mugging, during which the defendant hit the victim on the back of the head with concrete concealed in a paper bag. Although the victim did not see the defendant hit him the first time, he had a clear view of defendant as defendant continued the attack. Defendant was pursued by neighbors of the victim, which alerted the attention of passing police, who apprehended defendant after a momentary escape from one block to another. When police saw defendant again, he had taken off certain articles of clothing, which he carried rolled up, in an attempt to evade identification. Defendant was transported back to the scene of the crime, where he was immediately and spontaneously identified by witnesses, after some initial confusion by the action apparently arising from defendant's change of clothing.

Viewing the evidence in the light most favorable to the People, and giving due deference to the jury's findings of credibility (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. The totality of the circumstances provided a predicate for the initial stop and detention (People v Liner, 133 AD2d 555, appeal dismissed 70 NY2d 945), as well as for the transport of defendant to the scene of the crime (People v Hicks, 68 NY2d 234). Defendant's challenge to the on-the-scene confirmatory identification is meritless (People v Love, 57 NY2d 1023). The showup procedure in the present case was not inducive to irreparable mistaken identification (see, People v Acevedo, 102 AD2d 336). As such, a lineup was not required (see, People v Douglas, 158 AD2d 256, lv denied 76 NY2d 734). Since the identifications were valid, any issue as to independent source becomes academic (see, People v Chipp, 75 NY2d 327, cert denied — US —, 111 S Ct 99).

Although the prosecutor erred in failing to timely disclose to counsel that the arresting officer had corrected his memo book to indicate that, in fact, the complainant did eventually identify the defendant, under the circumstances of this case the error was harmless. Disclosure did occur during trial, before both sides had rested at a time when the material was still useful to the defense (cf., People v Goins, 73 NY2d 989). Nor was there intentional misconduct by the prosecutor (cf., People v Thompson, 71 NY2d 918). Rather, counsel was provided with an opportunity to recall witnesses, or to take other appropriate action to address the apparent discrepancy between the memo book entries. In fact, he conducted further cross-examination of the officer, and raised the issue on summation. Considering the extent of cross-examination, and the

overwhelming evidence, the untimely disclosure was de minimis. Defendant has not demonstrated either lack of good faith, or lack of due diligence on the part of the prosecutor, so as to warrant reversal.

We have considered the remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Asch, Kassal and Rubin, JJ.