■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BEST, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered April 25, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in denying his motion for a mistrial based upon the delay by the prosecution in providing *Rosario* material. The *Rosario* material in question consists of a police officer's memobook entry indicating that the prosecution's eyewitness had informed the first officer to arrive at the scene of the incident that two "unidentified" males had committed the crimes. The memobook entry came to the defense counsel's attention during his cross-examination of the police officer.

Unlike a case where the People completely fail to deliver *Rosario* material to defense counsel, which constitutes per se reversible error (see, *People v Ranghelle,* 69 NY2d 56, 63), this case involves a *delay* in providing *Rosario* material. The issue is whether the defense has been "substantially prejudiced" by the delay so as to trigger the defendant's right to a new trial (see, *People v Ranghelle, supra).* It is noteworthy that the *Rosario* material was furnished after the eyewitness had testified, but well before the People had rested. In fact, the defense counsel was able to cross-examine the police officer, who was on the stand when the memobook was provided. At a conference outside of the presence of the jury, the trial court informed the defense counsel to "take your time" in reviewing the statement. Moreover, it was the defense counsel's decision not to recall the eyewitness, and to opt instead for highlighting this apparent inconsistency in his summation to the jury. Since the *Rosario* material was turned over during trial and the defense counsel was afforded the opportunity to review the material and cross-examine the police officer at length regarding the statement, as well as to recall the eyewitness to the stand, it cannot be said that the prosecution delayed produc-

tion until after the material was no longer of any value to the defense *(cf., People v Goins,* 73 NY2d 989). When, as here, disclosure occurs during trial before both sides have rested, it has been disclosed when the material is still "useful" to the defense *(see, People v Polanco,* 174 AD2d 468; *People v Cannon,* 171 AD2d 752). The defense counsel never asked to recall the eyewitness. Considering the relief afforded to him, the extent of the cross-examination, and the overwhelming evidence of guilt, the untimely disclosure was *de minimis (see, People v Polanco, supra).* We note that the defense counsel was not compelled to alter defense strategy or his summation remarks *(cf., People v Goins, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.