■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO HERNANDEZ, Appellant. [600 NYS2d 491] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 10, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of stabbing the victim to death on the subway after the defendant provoked the victim into an altercation with verbal abuse. On appeal, the defendant

argues that he was deprived of a fair trial by the People's late disclosure, in violation of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), of certain statements taken from the People's three identifying witnesses which were recorded in a police detective's memobook. However, this disclosure, although late, was not a total failure to disclose the material *(see, People v Ranghelle,* 69 NY2d 56; *People v Perez,* 65 NY2d 154) and, as the defendant has failed to demonstrate substantial prejudice from the delay, reversal of the conviction is not warranted *(see, People v Goins,* 73 NY2d 989; *People v Ranghelle, supra; People v Polanco,* 174 AD2d 468). Further, contrary to the defendant's assertions on appeal, no reasonable view of the evidence indicated that the defendant was justified in using deadly physical force and the court correctly refused to charge the jury concerning this defense *(see,* Penal Law § 35.15 [2]; *People v Watts,* 57 NY2d 299; *People v Jeffries,* 166 AD2d 665).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Eiber, Pizzuto and Joy, JJ., concur.