■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN VALENTIN, Appellant. [607 NYS2d 954] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered November 27, 1991, convicting him of assault in the second degree, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence of physical injury was insufficient to support the conviction for assault in the second degree is unpreserved for appellate review, as the defendant never specifically raised this issue at the trial (see, CPL 470.05 [2]; People v Balls, 69 NY2d 641; People v Reilly, 47 NY2d 860, 861; People v Peters, 175 AD2d 220, 221). In any event, viewing the evidence adduced at the trial in the light most favorable to the People, we find that it was legally sufficient to establish that, as a result of his struggle with the defendant, the arresting officer suffered "physical injury" within the meaning of Penal Law § 10.00 (9) (see, e.g., People v Soto, 184 AD2d 673, 674; People v Morgan, 191 AD2d 649, 650; People v Scott, 162 AD2d 479; People v Lundquist, 151 AD2d 505, 506; People v Esquilin, 141 AD2d 838, 839).

We also conclude that the defendant was not substantially prejudiced by the prosecutor's late disclosure of the complainant's supporting deposition regarding the value and location of damage to the stolen motor vehicle, and consequently reversal is not warranted (see, People v Martinez, 71 NY2d 937; People

*v Ranghelle,* 69 NY2d 56; *People v Hernandez,* 195 AD2d 573). The prosecutor complied with the court's request to produce the complainant's deposition by the next morning. Although the disclosure was late, it occurred during the trial, before the defendant called his first witness, and at a time when the material was still useful to the defense. Before the defense counsel put on its case, the defense counsel was provided with an opportunity to review the deposition and to recall the complainant for cross-examination to address any apparent discrepancy between the deposition and his testimony at the trial. Under these circumstances, and considering the lack of any meaningful inconsistency between the complainant's deposition and his testimony at trial, the untimely disclosure error was de minimis, and no substantial right of the defendant was prejudiced by the delay in producing the *Rosario* material *(see, People v Leon,* 186 AD2d 587, 588; *People v Polanco,* 174 AD2d 468, 469-470; *People v Turcios-Umana,* 153 AD2d 707, 708; *People v Plunkett,* 140 AD2d 553, 554).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Copertino and Hart, JJ., concur.