■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERVYN RHYMES, Appellant. [619 NYS2d 583] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Farlo, J.), rendered June 1, 1988, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 4914/87, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered June 1, 1988, revoking a sentence of

probation previously imposed by the same court (Brennan, J.), upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted reckless endangerment in the first degree under Indictment No. 2304/84.

Ordered that the judgment and amended judgment are affirmed.

The defendant contends that he was deprived of a fair trial because the arresting officer failed to produce at a pretrial suppression hearing his handwritten notes containing the description of the perpetrators, and that the officer had actually destroyed the notes. The defendant failed to preserve this issue for appellate review since it was counsel for the codefendant who made the request for the notes at the pretrial hearing (see, People v Zhang Wan, 203 AD2d 499). In any event, the record discloses that the notes were given to defense counsel prior to trial, and the defendant has failed to demonstrate substantial prejudice from the delay (see, People v Hernandez, 195 AD2d 573, 574).

The sentence imposed was not excessive (see, People v Durkin, 132 AD2d 668, 669; see also, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.