■ In the Matter of RASHAWN F., a Person Alleged to be a Juvenile Delinquent, Appellant. [620 NYS2d 972] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Schindler, J.), dated September 3, 1991, which, upon a fact-finding order of the same court, dated July 3, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree, attempted robbery in the third degree, attempted grand larceny in the fourth degree, and criminal facilitation in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for 18 months. The appeal brings up for review the fact-finding order dated July 3, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, we find that reversal was not required based upon the late disclosure of certain *Rosario* material during his fact-finding hearing. The appellant failed to demonstrate that he was substantially prejudiced by the delayed disclosure *(see, People v Banch,* 80 NY2d 610, 617; *People v Martinez,* 71 NY2d 937, 940; *People v Hernandez,* 195 AD2d 573, 574; *People v Valentin,* 201 AD2d 598, 599; *People v Robertson,* 192 AD2d 682; *People v Best,* 186 AD2d 141). Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.