■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS JACOB, Appellant. [732 NYS2d 245] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered January 5, 1999, convicting him of offering a false instrument for filing in the second degree (eight counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly denied the defendant's motion for a mistrial based upon the delay by the prosecution in providing *Rosario* material (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). The *Rosario* material in question consisted of a police officer's memobook entry indicating that a witness told the police that a named individual had made certain statements to her. The memobook entry came to defense counsel's attention during the People's case, but after the conclusion of the questioning of the witness.

Since the *Rosario* material was turned over during trial and

defense counsel was afforded the opportunity to review the material and to recall the witness to the stand, it cannot be said that the prosecution delayed production until after the material was no longer of any value to the defense. When, as here, disclosure occurs during trial before both sides have rested, the material has been disclosed when it is still "useful" to the defense (*People v Best,* 186 AD2d 141, 142; *see, People v Polanco,* 174 AD2d 468). Considering the relief afforded to the defendant and the overwhelming evidence of guilt, the effect of the untimely disclosure was de minimis (*see, People v Best, supra; People v Polanco, supra*).

The defendant's remaining contentions are without merit. Bracken, P. J., McGinity, Luciano and Feuerstein, JJ., concur.