■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JENKINS, Appellant. [624 NYS2d 207] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered November 17, 1992, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. That the defendant had formed the intent to rob the victim before killing her can be inferred from the circumstances, which include the facts that the defendant stabbed the victim repeatedly and, shortly thereafter, stole her pocketbook *(see, People v Alvarez,* 118 AD2d 785). Moreover, upon the exercise of our factual review power, we are

satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant argues that he was deprived of a fair trial by the prosecution's late disclosure, in violation of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), of certain notes that were recorded in a police detective's memobook. However, this disclosure, although late, was not a total failure to disclose the material (see, *People v Ranghelle*, 69 NY2d 56; *People v Perez*, 65 NY2d 154). Since the defendant has failed to demonstrate substantial prejudice from the delay, reversal of his conviction is not warranted (see, *People v Goins*, 73 NY2d 989; *People v Ranghelle, supra; People v Polanco*, 174 AD2d 468).

The admission into evidence of a photograph of the victim's stabbed body was not erroneous. The photograph was relevant to prove several material issues and was not admitted merely to arouse the emotions of the jury or to prejudice the defendant (see, *People v Wood*, 79 NY2d 958). That the photograph corroborated other evidence produced at trial does not render it inadmissible (see, *People v Stevens*, 76 NY2d 833).

The defendant's remaining contention is not preserved for appellate review (see, CPL 470.05 [2]). Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.