■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT VACANTE, Appellant. [626 NYS2d 818] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered November 8, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated November 2, 1992 (People v Vacante, 187 AD2d 470), this Court remitted the matter to the Supreme Court, Kings County, to hear and report on whether a document referred to as "Unusual Occurrence Report" was prepared by a witness for the People or contains statements by a People's witness which were overheard by the person who prepared the report, and the appeal was held in abeyance in the interim. The Supreme Court has now filed its report.

Ordered that the judgment is affirmed.

The defendant contends that the "Unusual Occurrence Report" at issue, clearly contained statements made by the detective assigned to investigate the case, who was a witness

for the People at the trial. At the hearing, the evidence eliminated the detective as the author of the document. In fact, the Supreme Court's findings indicated that it could not determine who wrote the report and whether the report contained statements made by a People's witness. Inasmuch as "[t]he *Rosario* rule only involves 'the use of a recorded prior statement which was made either by the witness himself or by an individual who directly heard the statement' " *(People v Miller,* 183 AD2d 790, 791, quoting *People v Williams,* 165 AD2d 839, 841, *affd on other grounds* 78 NY2d 1087), and there was no showing that the detective made the report or heard the statements asserted therein, the defendant's *Rosario* claim is rejected and his judgment of conviction is affirmed.

We have examined the defendant's remaining contention and find it to be without merit. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.

