■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE T. SHAW, Appellant. [664 NYS2d 809] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered March 26, 1996, convicting him of rape in the first degree, sodomy in the first degree, attempted sodomy in the first degree, sexual abuse in the first degree (six counts), criminal possession of a weapon in the fourth degree (two counts), menacing in the second degree (two counts), harassment in the second degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the judgment should be reversed due to the late delivery of Rosario materials (People v Rosario, 9 NY2d 286, cert denied 368 US 866) is without merit. The defendant did not move for a mistrial on this ground in the Supreme Court. In any event, reversal is not warranted because the defendant has not shown that the late delivery substantially prejudiced him (see, People v Banch, 80 NY2d 610; People v Ranghelle, 69 NY2d 56; People v Murphy, 235 AD2d 933; People v Farner, 234 AD2d 561; People v Spencer, 219 AD2d 259; People v Jenkins, 213 AD2d 674; People v Gutierrez, 211 AD2d 822).

In addition, we reject the defendant's argument that the prosecutor violated the Rosario rule when she failed to disclose notes she allegedly possessed from interviews with the complaining witnesses. "[T]he representation of a prosecutor, as an officer of the court, ought generally to suffice to determine the threshold issue of whether or not any prior statements of a witness exist" (People v Poole, 48 NY2d 144, 149). Here, the prosecutor's representation that she did not take any handwritten notes regarding what the witnesses had said to her was sufficient to establish that she did not possess such statements.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.