■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BROWN, Appellant. [728 NYS2d 685] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered September 23, 1999, convicting him of robbery in the second degree, robbery in the third degree and

criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the trial court should have conducted a hearing to determine if the prosecutor violated the disclosure requirements of *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) by failing to produce notes allegedly taken by a police officer during a conversation with the victim at the scene of the robbery. The defendant's failure to request a hearing at a time when the trial court could have redressed the alleged *Rosario* violation constituted a failure to preserve the issue for appellate review (*see,* CPL 470.05 [2]; *People v Jackson,* 78 NY2d 900, 901; *People v Vacante,* 215 AD2d 414, 415; *People v Laguer,* 195 AD2d 483, 485). In any event, the defendant's *Rosario* claim is without merit. In the absence of any factual showing that the notes existed, the prosecutor's representation that there was no missing *Rosario* material was sufficient to resolve this issue (*see, People v Poole,* 48 NY2d 144; *People v Shaw,* 244 AD2d 582; *People v Sierra,* 222 AD2d 216; *People v Perez,* 209 AD2d 643; *People v Cole,* 196 AD2d 634). Ritter, J. P., McGinity, Luciano and Feuerstein, JJ., concur.