trial" requiring reversal *(People v Mullen,* 44 NY2d 1, 5).
Concur—Murphy, P. J., Ross, Asch and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TONY VALLO, Appellant.—Judgment of the Supreme Court,
New York County (Thomas Galligan, J.), rendered on July 7,
1987, convicting defendant, following a jury trial, of murder in
the second degree and criminal possession of a weapon in the
second degree, and sentencing him to concurrent indetermi-
nate terms of imprisonment of 20 years to life and 4 to 8
years, is unanimously affirmed.

On appeal, defendant urges that his conviction must be
vacated since the testimony of the eyewitness to the shooting
was contradicted by other witnesses. In that regard, the
eyewitness stated at the trial that he accompanied defendant
and the victim to a third-floor apartment in an upper Manhat-
tan building. There, defendant shot his victim once. Other
witnesses established that defendant was armed with a gun
and that he and his victim had argued earlier in the evening.
One of those witnesses, a security guard, observed defendant
pointing the gun at his victim as defendant, the victim and
the eyewitness proceeded to the third floor. Other evidence
shows that defendant's right sneaker could have made the
footprint found in the blood on the floor of the apartment
where the shooting occurred and that defendant's clothing
was stained with blood of a type that matched that of the
deceased.

Viewing the evidence in the light most favorable to the
prosecution, as we are required to do, the verdict must be
sustained. The supposed inconsistencies in the evidence cited
by defendant do not demonstrate that the jury failed to give
appropriate weight to the proof which it considered *(People v
Bleakley,* 69 NY2d 490, 495). Moreover, his contention that
the court's supplemental charge was unfair has not been
preserved. However, even were we to reach this issue in the
interests of justice, we would nevertheless affirm, finding the
claim to be without merit. Defendant asserts that the court
should not have given a further charge on accessorial liability
when the jury asked for a repeat of its instructions on the
definition of an accomplice. In its main and supplemental
charge, the court submitted the question of whether the
eyewitness was an accomplice (CPL 60.22) to the jury, and
instructed the jury to consider whether defendant was guilty
because he had acted in concert with the eyewitness. We
perceive no basis in the record to indicate that the supplemen-

tal instruction placed undue emphasis on the supplemental comments on accessorial liability. The court meaningfully responded to the jury's request (CPL 310.30; *People v Malloy*, 55 NY2d 296, 298). We have reviewed defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be either unpreserved for appellate review or lacking in merit. Concur—Murphy, P. J., Carro, Milonas, Asch and Wallach, JJ.