■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DIAZ, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered August 19, 1987, convicting defendant, upon a jury verdict, of murder in the second degree and sentencing him to an indeterminate term of imprisonment of 25 years to life, unanimously reversed, on the law, and the matter is remitted for a new trial.

After decedent's body was discovered in the closet of her home on April 17, 1985, it was determined that she had been beaten, stabbed and strangled. Her children testified at trial that decedent's relationship with defendant, her boyfriend of two years, had deteriorated before their mother's death. The daughter also related threats defendant had made against her mother a few days before her body was discovered.

Nathan Graham and Lloyd Gaither shared a cell with defendant, who they knew as "Rivera", in a county jail in Virginia during the spring of 1985. They testified that defendant admitted killing his "wife" in New York and that he had beaten her because she was cheating on him. Gaither added that defendant also told him that after he beat his wife, he dragged her body into a closet. Both men went to the authorities following a fight they had with defendant.

After Graham and Gaither had been returned to Virginia, retired Detective Daniel Danaher testified about his participation in the investigation of the homicide. During defense counsel's cross-examination of the witness, Danaher's memo book notes of his interview with Graham and Gaither were discovered and turned over to defense counsel. Defense counsel requested that Graham and Gaither be recalled as witnesses. The prosecutor, however, noting that the witnesses had already returned to Virginia, argued that Danaher's notes were essentially the same as notarized stenographic statements made by Graham and Gaither which had already been turned over to defense counsel. The court, while conceding that defense counsel had an absolute right to Danaher's 11 pages of notes and that defense counsel had reserved the right to recall Graham and Gaither, nonetheless denied defense counsel's request to recall the witnesses since it found that counsel had failed to sufficiently cite to any discrepancy between Danaher's notes and the stenographic copies.

While the stenographic copy of Nathan Graham's statement to Danaher was an exact duplicate of the first four pages of Danaher's notes, the fifth page of his notes, indicating that a second interview had taken place, was completely omitted from the stenographic copy provided to defense counsel. The stenographic copy of Gaither's statement omitted facts contained in the detective's handwritten notes. Despite its caution to the prosecutor, prior to opening statements, that any failure to turn over any handwritten notes of a police officer of interviews with civilian witnesses prior to such witnesses' testimony would result in an obligation to return the witnesses for further testimony should the material subsequently be produced, the court denied defense counsel's request to have Graham and Gaither recalled to testify at trial.

Although defense counsel did not move for a mistrial, he clearly objected to the failure to disclose the *Rosario* material and the court's refusal to direct the People to recall Graham and Gaither. He also reserved the right to have the witnesses recalled prior to opening statements should a *Rosario* violation occur. Accordingly, we find that the issue has been preserved for appeal. *(Cf., People v Hentley,* 155 AD2d 392, *lv denied* 75 NY2d 919.)

Contrary to the People's contention, the failure to produce the *Rosario* material prior to the testimony of Graham and Gaither, coupled with the court's refusal to recall these witnesses, amounted to a "complete failure" rather than a mere delay in turning over the requested material. *(People v Ranghelle,* 69 NY2d 56, 63.) Witnesses' prior statements must be furnished to defendant at a time when they can be useful to the defense *(People v Goins,* 73 NY2d 989, 991; *People v Perez,* 65 NY2d 154). The failure in this case constitutes per se error requiring that defendant's conviction be reversed and a new trial ordered *(supra).* It is well settled that defense counsel, not the prosecutor or the court, "is in a far better position to appraise the value of a witness' pretrial statements for impeachment purposes" *(People v Rosario,* 9 NY2d 286, 290, *cert denied* 368 US 866; *People v Jones,* 70 NY2d 547, 550; *People v Novoa,* 70 NY2d 490, 499; *People v Ranghelle, supra; People v Perez, supra; People v Consolazio,* 40 NY2d 446, *cert denied* 433 US 914).

In light of the foregoing, we do not reach defendant's remaining contentions. Concur—Ross, J. P., Rosenberger, Kassal, Ellerin and Rubin, JJ.