(September 2, 1993)

■ The People of the State of New York, Respondent, v
Steven Leidinger, Appellant. [601 NYS2d 301] —Judgment,
Supreme Court, New York County (Alvin Schlesinger, J.),
rendered May 1, 1990, convicting defendant, after a jury trial
of manslaughter, first degree and sentencing him to a term of
7 to 21 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People
and giving due deference to the jury's findings on credibility
under the standards set forth in *People v Bleakley* (69 NY2d
490, 495), defendant's guilt was proved beyond a reasonable
doubt by overwhelming evidence.

We find no basis to disturb the findings of the hearing court
that defendant voluntarily accompanied police to the precinct,
and that the momentary entrance of a police officer into
defendant's apartment, when defendant asked to get his coat,
was with defendant's consent. As such, we reject any *Payton*
claim. *(Payton v New York,* 445 US 573.)

Generally, a defendant has no right to counsel for an
investigatory lineup *(People v Hernandez,* 70 NY2d 833, 835;
*People v Hawkins,* 55 NY2d 474, 486, *cert denied* 459 US 846).
The present lineup was not court ordered *(cf., People v
Thomas,* 76 NY2d 902), and defendant voluntarily waived his
right to counsel during his interview and never requested
counsel for the subsequent investigatory lineup *(cf., People v
Coates,* 74 NY2d 244). Although the prosecutor was contacted
by defendant's attorney about an unrelated matter, the attor-
ney never indicated that she would be representing defendant
in this case, made no requests on defendant's behalf relative
to the present investigation, and otherwise failed to announce
her presence in this case *(cf., People v LaClere,* 76 NY2d 670).

Thus, defendant's right to counsel had never attached with respect to the lineup.

The People's inadvertent untimely disclosure of a DD-5 constituting *Rosario* material does not require reversal. Since the report was found by the prosecutor after the court had adjourned for the day following the conclusion of defense counsel's cross-examination of the relevant witness, the court's recommendation that counsel simply continue cross-examination using the report was the most appropriate remedy *(cf., People v Diaz,* 169 AD2d 672, *lv denied* 77 NY2d 994). Although defendant moved for a mistrial, he never requested an adverse inference instruction, and thus this is not a case where the court failed to exercise its discretion to impose an appropriate remedy *(cf., People v Wallace,* 76 NY2d 953). The contents of the report, which were not inconsistent with counsel's defense strategy, did not prejudice defendant *(People v Martinez,* 71 NY2d 937, 940; *cf., People v Thompson,* 71 NY2d 918; *People v Goins,* 73 NY2d 989).

Defendant's remaining contentions are either unpreserved, without merit, or concern harmless error. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.