■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS KING, Appellant. [659 NYS2d 469] —Judgment of the Supreme Court, Bronx County (Dominic Massaro, J.), rendered June 9, 1994, convicting defendant, after a jury trial, of rape in

the first degree and assault in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12½ to 25 years and one year respectively, is unanimously reversed, on the law and facts, and the matter remanded for a new trial.

The record clearly indicates that the prosecution delayed in turning over an affidavit of the victim seeking financial assistance from the Crime Victims Compensation Board until just prior to summations. Defense counsel moved to recall the victim to cross-examine her with respect to the affidavit. The trial court denied the request to recall the victim and denied counsel's motion for a mistrial. The court gave an instruction to the jury that it took "judicial notice" that the victim did file an application for remuneration.

It is not disputed that the victim's affidavit, in which she set forth the details of the crime, constituted *Rosario* material pursuant to CPL 240.45 (1) (a). The People are obligated to make such material available, while the defendant is under no obligation to request such material (*see, People v Tamayo*, 222 AD2d 321, 322, *lv denied* 88 NY2d 886). We have previously noted that the failure by the prosecution to produce *Rosario* material prior to the testimony of the witnesses, coupled with the trial court's refusal to recall these witnesses, amounts to a complete failure rather than a mere delay in turning over the statements, constituting per se error requiring reversal and a new trial (*People v Diaz*, 169 AD2d 672, 673, *lv denied* 77 NY2d 994).

The court herein informed the jury of the application for remuneration. The court noted the defense counsel wanted the victim recalled for further examination but told the jury:

"I did not allow her to be called back because the court is taking judicial notice to establish that fact; namely, that [the victim] did in fact file, as indeed any crime victim's right *[sic]*, with the Crime Victims Compensation Board and application for remuneration for some award of monetary input.

"And I am not even too sure what the outcome of that is or whether it is still pending. But you should know that in fact she did file those papers."

The credibility of the victim was the central issue in this trial and the request for compensation represented by the affidavit would certainly have had an effect on that credibility. The court in taking "judicial notice" and foreclosing cross-examination, although the witness was available and there would have been no undue delay, deprived defense counsel of an opportunity to challenge that credibility. It was not the

court's function but counsel's "to appraise the value of a witness' pretrial statements for impeachment purposes" (*People v Rosario*, 9 NY2d 286, 290, *cert denied* 368 US 866). Presiding Justice Murphy of this Appellate Division, in a case where a prior statement was read into the record rather than having the declarant recalled for cross-examination, has outlined the pitfalls of the approach taken by the trial court herein in denying the accused a fair trial:

"The point of disclosure pursuant to either rule [*Rosario* or *Brady*] is not simply or even necessarily that evidence be placed before the fact finder; it is rather to facilitate the defendant's presentation through counsel of an effective defense, which is to say a defense in which counsel at least has the option of cross-examining prosecution witnesses with prior inconsistent and exculpatory statements. When that option is foreclosed by late disclosure and the defendant is thus deprived of the opportunity thoroughly to explore weaknesses in the People's proof both the fairness of the trial and the validity of its result are fundamentally called into question. Unfortunately, doubts as to the fairness and probity of a criminal proceeding in which cross examination of prosecution witnesses upon centrally relevant material has been denied, cannot be allayed by a palliative of the sort effectively prescribed by the court at petitioner's trial." (*People v Rutter*, 202 AD2d 123, 133-134, *lv dismissed* 85 NY2d 866.) Concur—Rosenberger, J. P., Wallach, Nardelli, Rubin and Colabella, JJ.