■ The People of the State of New York, Respondent, v Jose Sosa, Appellant. [681 NYS2d 492] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered January 11, 1995, convicting defendant, after a jury trial, of manslaughter in the first degree and assault in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years and 5 to 10 years, respectively, unanimously affirmed.

Defendant's motion for suppression of two guns recovered from the car he was driving at the time of his arrest was properly denied. The police had probable cause to arrest defendant when he was identified as a participant in a drive-by shooting. Since the totality of the suppression hearing evidence clearly establishes that the detective who searched the car had information indicating that the same car was used in two separate shooting incidents involving multiple handguns, ample probable cause existed for a warrantless search of the vehicle to determine if it contained a weapon or weapons (*People v Blasich*, 73 NY2d 673, 678-679). In light of the detective's testimony that he was occupied with at least one other homicide at the time in question, the delay of the investigative search of the car until two days after defendant's arrest was reasonable (*see, People v Batista*, 209 AD2d 326, *lv denied* 84 NY2d 1028).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Credibility issues were properly placed before the jury for their consideration, and we see no reason to disturb their determinations.

Testimony regarding the guns recovered from the car was properly admitted. Any uncertainties as to the identification of the guns went to the weight to be accorded that evidence and not its admissibility (*People v Martinez*, 191 AD2d 262, *lv denied* 81 NY2d 973). The guns were highly probative of defendant's guilt of the crimes charged, even though the available ballistics evidence could not positively connect the guns to the shooting (*see, People v Mirenda*, 23 NY2d 439, 453-454; *People v Del Vermo*, 192 NY 470, 478-481). One of the guns used in the shooting was described as silver in color, matching to that extent the recovered .357 magnum.

The court properly denied defendant's alternative motions for dismissal of the indictment or a mistrial based upon late delivery of *Rosario* material, since there was no showing that defendant was prejudiced by such late delivery or that defendant's trial strategy was affected thereby (*see, People v Leidinger*, 196 AD2d 688, *lv denied* 82 NY2d 851). With respect to the lost police notes, the court appropriately exercised its discretion in denying defendant's additional alternative motives for dismissal of the indictment or a mistrial. The court's adverse inference charge was an appropriate remedy (*see, People v Martinez*, 71 NY2d 937, 940).

Defendant's current claims regarding various comments by the prosecutor during summation are unpreserved by appropriate objection and we decline to review them in the interest of

justice. Were we to review them, we would find that there was no pattern of inflammatory remarks or egregious conduct on the part of the prosecutor, and no basis for reversal (*People v D'Alessandro*, 184 AD2d 114, *lv denied* 81 NY2d 884). Concur—Sullivan, J. P., Nardelli, Williams and Mazzarelli, JJ.