■ The People of the State of New York, Respondent, v Michael Johnson, Appellant. [695 NYS2d 341] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered January 25, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

The police chemist's testimony that he tested the drugs sold by defendant and found them to contain cocaine was properly admitted. While the chemist had no independent recollection of having performed the tests in the instant case, his memory was refreshed prior to testifying by review of his notes and recognition of the exhibits that bore his signature, and the question of whether his present recollection was actually refreshed bore only upon his credibility, a matter for the jury (People v Rivera, 213 AD2d 281, lv denied 86 NY2d 740).

Defendant's claim that the police officers were improperly allowed to testify about the role of the "money man" in a street level narcotics transaction is unpreserved (see, People v Fleming, 70 NY2d 947). In any event, the brief and limited testimony complained of (see, People v McAllister, 255 AD2d 241, lv denied 93 NY2d 876) was admissible to explain the

absence of money on defendant, particularly since the evidence revealed the presence of two unidentified men in close proximity to defendant during and after the sales (*see, People v Smith*, 254 AD2d 127, *lv denied* 93 NY2d 878).

The trial court properly exercised its discretion in excusing a prospective juror who expressed strong disapproval of police undercover tactics in general. The juror's responses, when read as a whole, cast doubt upon his ability to be impartial (*see, People v Torpey*, 63 NY2d 361).

Since defendant never expressly requested such an inquiry, his claim that the court should have conducted an inquiry about alleged premature deliberations is unpreserved and is, in any event, unsupported by the record (*People v Silvagnoli*, 251 AD2d 76, *lv denied* 92 NY2d 882).

The court properly denied defendant's motion for a mistrial since there was no showing that defendant was prejudiced by the late disclosure of *Rosario* material or that defendant's trial strategy was affected thereby (*see, People v Sosa*, 255 AD2d 236; *People v Leidinger*, 196 AD2d 688, *lv denied* 82 NY2d 851). Defendant received the material during the cross-examination of the police officer in question and effectively used it for impeachment.

The court's *Sandoval* ruling, limiting inquiry to a few of defendant's numerous convictions, including one prior felony drug conviction and several misdemeanor convictions, balanced the appropriate factors and was a proper exercise of discretion notwithstanding the similarity of the drug conviction to the crime charged in this case (*People v Pavao*, 59 NY2d 282, 292). Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.