■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MOSLEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUKE MATTHEWS, Appellant. [723 NYS2d 457] —Judgments, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered April 3, 1998 and February 26, 1998, respectively, convicting defendant Mosley, after a jury trial, of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, and sentencing him to two consecutive terms of 25 years to life concurrent with a term of 5 to 15 years, and convicting defendant Matthews, after the same jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 7½ to 15 years, unanimously affirmed.

Considering the form of the jury's questions, the issues raised at trial and the lack of prejudice to defendants, the court properly exercised its discretion in rereading the acting in concert charge in response to notes from the deliberating jury (*see*, *People v Mercado*, 91 NY2d 960; *People v Almodovar*, 62 NY2d 126, 131-132; *People v Vallo*, 161 AD2d 327, *lv denied* 76 NY2d 991). While the notes focused on the elements of the crimes, they indicated that the jury was having difficulty with accessorial liability, and since two days had passed from the time the jury had initially been instructed on this concept, it was proper to reinstruct them. Defendants' claim that the court's repetition of its acting in concert charge conveyed to the jury an opinion as to defendants' guilt is completely speculative.

Since defendant Mosley did not dispute the People's contention that he had relationships with the People's witnesses, his

request for a hearing pursuant to *People v Rodriguez* (79 NY2d 445) was properly denied (*People v Murray*, 247 AD2d 292, *lv denied* 92 NY2d 857; *People v De Jesus*, 244 AD2d 244, *lv denied* 91 NY2d 925; *People v Estrada*, 241 AD2d 378, *lv denied* 91 NY2d 925).

Contrary to defendant Matthews's contention, his conviction was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility, and the circumstantial evidence warranted the conclusion that Matthews acted in concert with others in the murder for which he was convicted.

The court properly exercised its discretion in admitting a witness's photographic identification of a nondefendant whose identity was relevant to issues raised at trial, as well as testimony that a weapon linked to Matthews was the same or similar to a weapon used in the crime. The alleged defects in these items of testimony primarily involved matters of credibility to be resolved by the jury, and went to the weight rather than the admissibility of the evidence (*see, People v Mirenda*, 23 NY2d 439, 453-454; *People v Sosa*, 255 AD2d 236, *lv denied* 93 NY2d 979). Concur—Nardelli, J. P., Mazzarelli, Andrias, Saxe and Friedman, JJ.