■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUKE MATTHEWS, Appellant. [760 NYS2d 317] —Order, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), entered on

or about September 1, 1999, which denied defendant's motion made pursuant to CPL 440.10 to vacate a judgment of the same court and Justice, rendered February 26, 1998, convicting him, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, unanimously affirmed.

The court properly denied defendant's motion to vacate judgment without a hearing. Defendant offered no evidence that a witness at his trial received any promise or understanding regarding lenient treatment in her unrelated Pennsylvania drug cases. The issue was fully explored at trial, both the witness and the prosecutor have denied the existence of any such promise or understanding, and defendant's speculative assertions are unsupported by the record (*see People v Ross,* 288 AD2d 138 [2001], *lv denied* 98 NY2d 655 [2002]).

All of defendant's remaining claims, including those contained in his pro se supplemental brief, are procedurally improper and without merit. Some of these claims were not even raised in the article 440 motion, which is the only matter before this Court, defendant having already appealed from his conviction without success (282 AD2d 314 [2001], *lv denied* 96 NY2d 904 [2001]). In any event, all of these claims involve trial issues that were raised, or could have been raised, on direct appeal. Accordingly, they may not be raised under CPL 440.10 (*People v Cooks,* 67 NY2d 100 [1986]). To the extent that defendant seeks to supplement his claims with factual assertions, these assertions are based entirely on speculation (*see* CPL 440.30 [4] [d]). Finally, to the extent that defendant is claiming that the attorney who represented him on direct appeal rendered ineffective assistance, we note that defendant did not make a coram nobis motion, the avenue of relief available for such a claim (*see People v Bachert,* 69 NY2d 593 [1987]). Were we to treat the pertinent portion of his pro se brief as such a motion, we would find that appellate counsel provided effective assistance (*see Jones v Barnes,* 463 US 745 [1983]). Concur— Mazzarelli, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.