THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. SMITH, Appellant. [814 NYS2d 832]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered April 11, 2003. The judgment convicted defendant, upon his plea of guilty, of murder in the first degree (four counts), burglary in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentences imposed on the four counts of murder in the first degree and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing on counts one through four of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts each of murder in the first degree under Penal Law § 125.27 (1) (a) (viii), murder in the first degree under section 125.27 (1) (a) (vii), and burglary in the second degree (§ 140.25 [2]), and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]). The conviction arises from the murder of an elderly couple during the course of a burglary at their home, followed by a second burglary of their home, during which items of the victims' property were stolen. Defendant's challenge to the legal sufficiency of the evidence before the grand jury with respect to the third and fourth counts of the indictment does not survive the guilty plea (see People v Shandler, 168 AD2d 648, 649-650 [1990], affd 78 NY2d 986 [1991]; People v Lawrence, 273 AD2d 805 [2000], lv denied 95 NY2d 867 [2000]).

Supreme Court properly denied the motion of defendant to suppress physical evidence and statements obtained by the police following his warrantless arrest at the apartment where he was staying at the time of the arrest. The record of the Payton hearing supports the court's determination that the police officers entered the apartment with the consent of the tenant, and

thus there was no *Payton* violation (*see People v Daly*, 180 AD2d 872, 873-874 [1992], *lv denied* 79 NY2d 1048 [1992]), and the record of the *Huntley* hearing supports the court's further determination that the statements of defendant were voluntarily made following his valid waiver of his *Miranda* rights (*see People v Comfort*, 6 AD3d 871, 873 [2004]). We reject the contention of defendant that the court erred in denying his request for a *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d 445, 452-453 [1992]) concerning two witnesses. Defendant acknowledged in his statement to the police that those witnesses were acquainted with him (*see People v Welch*, 2 AD3d 1354, 1357 [2003], *lv denied* 2 NY3d 747 [2004]; *People v Mosley*, 282 AD2d 314 [2001], *lv denied* 96 NY2d 865 [2001], 98 NY2d 679 [2002]). In light of the withdrawal by the People of their notice of intent to seek the death penalty, we do not address defendant's challenges to the death penalty (*see People v Parker*, 304 AD2d 146, 150 [2003], *lv denied* 100 NY2d 585 [2003]). Even if we were to address those challenges and decide them in defendant's favor, our decision "would not change the ultimate result of defendant's appeal" (*id.*).

The judgment must be modified, however, because there is a discrepancy between the sentencing minutes and the certificate of conviction with respect to the sentences on the first through fourth counts, charging murder in the first degree, and because of the illegality of those sentences as reflected in both the sentencing minutes and the certificate of conviction. The sentencing minutes provide that the sentences on the first and third counts, charging defendant with the murder of the male victim, run concurrently with each other and that the sentences on the second and fourth counts, charging defendant with the murder of the female victim, run concurrently with each other and consecutively to the sentences on the first and third counts. The certificate of conviction, however, provides that the sentences on the third and fourth counts, charging murder in the first degree under Penal Law § 125.27 (1) (a) (vii), run concurrently with each other and consecutively to the sentences on the first and second counts, charging murder in the first degree under section 125.27 (1) (a) (viii). The imposition of consecutive sentences reflected in both the certificate of conviction and the sentencing minutes is inconsistent with the requirements of Penal Law § 70.25 (2). Under that statute, "sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]). The consecutive sentences reflected in the certificate of conviction for the first

degree murder counts violate the first prong because the offenses charged in the first and third counts were committed through a single act, i.e., the intentional killing of the male victim, and the second and fourth counts likewise were committed through a single act, i.e., the intentional killing of the female victim (*see People v Parton*, 26 AD3d 868 [2006]). The consecutive sentences imposed upon the first degree murder counts reflected in the sentencing minutes violate the second prong because the act constituting murder in the first degree under the third count, i.e., the killing of the male victim, is a material element of the offense of murder in the first degree charged in the first count, and the act constituting murder in the first degree under the fourth count, i.e., the killing of the female victim, is a material element of the offense of murder in the first degree charged in the second count (*see generally People v McBee*, 8 AD3d 500, 501 [2004], *lv denied* 3 NY3d 660 [2004]). With respect to the remaining counts, the sentencing minutes and certificate of conviction are consistent, and the sentence with respect to the remaining counts is legal and is not unduly harsh or severe. We therefore modify the judgment by vacating the sentences imposed on the four counts of murder in the first degree, and we remit the matter to Supreme Court for resentencing on counts one through four of the indictment. Present— Gorski, J.P., Martoche, Smith, Green and Pine, JJ.