# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**418**

**KA 12-00723**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JODY B. GILLETT, DEFENDANT-APPELLANT.

---

KELIANN M. ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 21, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant's contention that County Court erred in failing to conduct a hearing on his challenge to the voluntariness of his statements to the police does not survive his guilty plea. "A guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings" (*People v Fernandez*, 67 NY2d 686, 688), and the exception set forth in CPL 710.70 (2) does not apply here because defendant pleaded guilty before the court issued a decision on his suppression motion (*see generally People v Elmer*, 19 NY3d 501, 507-508). Defendant's challenge to the legal sufficiency of the evidence before the grand jury with respect to the third count of the indictment likewise does not survive the guilty plea (*see People v Smith*, 28 AD3d 1202, 1202, *lv denied* 7 NY3d 818; *see generally People v Iannone*, 45 NY2d 589, 600-601). Finally, defendant's contention that he was denied effective assistance of counsel "does not survive his guilty plea . . . because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Dean*, 48 AD3d 1244, 1245, *lv denied* 10 NY3d 839 [internal quotation marks omitted]).

Entered:  April 26, 2013                          Frances E. Cafarell
                                                 Clerk of the Court