OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 At defendant’s trial on charges of burglary, sodomy and related offenses, defense counsel constructed a defense around the inconsistencies between complainant’s initial version to the police and her later Grand Jury and trial testimony. After the complaining witness completed her testimony, the arrest
 
 *920
 
 ing officer testified that he had interviewed the complainant in her apartment, and at the hospital a few hours after the incident, and that nothing she stated during the later interview caused him to change or add to his original memo book entry. On redirect, however, the prosecutor — knowing of the existence of a memo book entry memorializing the hospital interview but without disclosing that fact to defense counsel— elicited from the officer that the complainant had given to the police a version of the incident at the hospital substantially similar as that given in her trial testimony. Pursuing this line of inquiry on recross, defense counsel learned for the first time of the memo book entry confirming that the version given at trial was not a recent fabrication, but indeed had been given to the police only a few hours after the initial statement. With the complaining witness’s credibility thus rehabilitated, defense counsel’s strategy was dealt a significant blow. The People’s delay in turning over the statement recorded in the hospital — revealed as it was only after defense counsel had moved forward on a strategy that depended on the statement’s nonexistence — substantially prejudiced the defendant
 
 (People v Perez,
 
 65 NY2d 154, 159;
 
 see, People v Ranghelle,
 
 69 NY2d 56;
 
 People v Rosario,
 
 9 NY2d 286, 289).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.