OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
It is undisputed that in this case the People were obligated to furnish defense counsel with a copy of the police officer’s daily activity report (DAR) pursuant to People v Rosario (9 NY2d 286), and that they should have done so long before both sides had rested (People v Ranghelle, 69 NY2d 56). The People conceded this at the trial and both the trial court and the Appellate Division noted the violation. The only relief offered the defendant by the trial court was to accept the prosecutor’s offer to reopen the case and cross-examine the undercover officer with respect to his activities as reflected in his DAR. Defense counsel’s rejection of this offer was wrongly interpreted by the Appellate Division as a waiver of his right to timely production of the report.
A witness’s prior statement must be furnished to the defendant at a time when it can be useful to the defense (People v Perez, 65 NY2d 154). In this case, during cross-examination of the police officers without the benefit of the report, defense counsel had been led to believe that a discrepancy existed concerning the undercover officer’s activities on the day of the sale, and counsel had structured the defense, rested his case and prepared his summation on the basis of that discrepancy. Introduction of the DAR at that stage could only destroy the defense while bolstering the case for the prosecution, and counsel’s understandable rejection of this offer, the only option made available to him, cannot be deemed a waiver or abandonment of the right to timely disclosure which had already been violated (People v Perez, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.