■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered June 21, 1988, convicting him of assault in the second degree (two counts), criminal possession of a weapon in the second degree, criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

On the morning after the defendant's arrest, one of the arresting officers, who later testified at trial, was separately interviewed by two Assistant District Attorneys. The officer

informed both of these individuals that while he and a fellow officer were guarding the defendant at the hospital following his arrest the previous night, the defendant told them that had his machine gun not jammed, he would have "sprayed the police officers like Raid sprays roaches" or "bugs". Both Assistant District Attorneys made written copies of the officer's statements. At trial the People were permitted to place these facts in evidence on re-direct examination of the officer in order to rebut the defendant's assertions that this officer and others had fabricated the defendant's alleged hospital statements in retaliation for the defendant having filed a claim of police brutality, false arrest, and malicious prosecution against these officers. The defense counsel subsequently moved for a mistrial, asserting that the sole written account he had received of the defendant's hospital statement was a voluntary disclosure form dated almost two months after the defendant's arrest. Counsel argued that had he received a written account of the arresting officer's assertions concerning the defendant's statement recorded only hours after the defendant's arrest, he never would have pursued the line of cross-examination that he did. The prosecutor could not definitely say that the documents had been included in the *Rosario* package delivered to the defense counsel, and the trial court found that the documents prepared by the Assistant District Attorneys after interviewing the officer-witness only hours after the defendant's arrest were not forwarded to the defense counsel prior to trial. While there was reference to the statements in question in the officer's pre-trial testimony, this did not mitigate the People's obligation to nevertheless turn them over prior to the trial proper *(see, People v Ranghelle,* 69 NY2d 56, 64; *cf., People v Toro,* 168 AD2d 400; *People v Rogelio,* 160 AD2d 359, *affd* 79 NY2d 843; *see also, People v Perez,* 65 NY2d 154, 160). Because the defendant's ability to effectively cross-examine the People's witnesses was substantially prejudiced by the People's failure in this regard, he is entitled to a new trial *(see,* CPL 240.45; *People v Perez,* 65 NY2d 154, 159, *supra; see also, People v Goins,* 73 NY2d 989; *People v Thompson,* 71 NY2d 918). Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.