■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant. [601 NYS2d 174] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Chetta, J.), dated July 5, 1989, convicting him of rape in the first degree, sodomy in the first degree, robbery in the first degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

Before the trial of this action for rape, sodomy and related crimes, a hearing was held pursuant to *Frye v United States* (293 F 1013). At the hearing, no evidence was adduced regarding the population database or the statistical standards employed by Lifecodes Laboratories on the basis of which an estimate could be made regarding the probability that the "match" allegedly found between the DNA in defendant's blood and that recovered from the semen on the victim's underwear could have occurred fortuitously. Defendant's request for this information at trial was denied. Nevertheless, a Lifecodes technician, testifying for the prosecution, declared at trial that the statistical probability of someone other than the perpetrator providing the alleged "match" was "one in ten million". We conclude that the failure to disclose to the defendant, either at the *Frye* hearing or on his request, evidence which is so "material either to guilt or to punishment" *(cf., Brady v Maryland,* 373 US 83, 87) constitutes a deprivation of due process and necessitates a new trial. "The rule is plain that where the prosecution is permitted to call a witness, expert or not, who testifies as to a fact in issue or a conclusion to be drawn, the defendant is entitled to examine the underlying data, the basis for the testimony" or else the defendant suffers undue prejudice *(People v Freshley,* 87 AD2d 104, 112; *see also, State v Schwartz,* 447 NW2d 422, 427 [Minn] ["fair trial and due process rights are implicated when data relied upon by a laboratory in performing tests are not available to the opposing party for review and cross examination"]).

Based on the foregoing, we need not reach the defendant's remaining contentions including those raised in his supplemental *pro se* brief. Thompson, J. P., Eiber, Ritter and Joy, JJ., concur.