■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE GAY, Appellant. [616 NYS2d 35] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered May 6, 1992, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a weapon in the second degree, and two counts of criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 5 to 15 years, 3 to 9 years, and 2 terms of 2 to 6 years, respectively, to run consecutively to a previously imposed sentence in an unrelated case, unanimously affirmed.

There is no merit to defendant's claim that his convictions must be reversed because the prosecutor failed to disclose certain *Rosario* material until commencement of the trial,

which material indicated that defendant had struggled with a police officer during his apprehension with resulting injuries to both, and which, defendant claims, would have been useful in impeaching the police testimony at the suppression hearing relating to his apprehension. Nothing in the record suggests tactical or other bad faith reasons for the delay in disclosing this material, and indeed the prosecutor, when he became aware of the oversight, and at a point during the trial before there had been any police testimony, offered to join in a motion to reopen the suppression hearing. The court thereupon repeatedly offered to reopen the hearing and even to allow defendant to use these documents at trial.

Defendant thereby was offered all of the relief to which he was entitled, at a point before trial positions had crystallized before the jury, and thus suffered no prejudice as would warrant either disturbing the judgment or remanding for a suppression hearing (compare, People v Goins, 73 NY2d 989).

While the prosecutor should not have told the jury that it had to find defendant guilty of one of the alternative theories of robbery, when viewed in the context, it is clear that the prosecutor was trying to indicate that defendant could only be convicted in the alternative, and was not intentionally trying to direct a verdict. Coupled with the court's general instructions, the overwhelming evidence of guilt, and the absence of other significant trial errors, such misconduct does not warrant a reversal.

We have considered defendant's other contention relating to the prosecutor's summation, and his claim concerning the imposition of a consecutive sentence, and find that they do not warrant corrective action. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.