■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD JOHNSON, Appellant. [666 NYS2d 160] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), rendered January 4, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously reversed, on the law, and the matter remanded for a new trial.

As it is conceded by the People that *Rosario* material in the form of the original Request for Laboratory Analysis form was never disclosed to defendant, defendant's conviction must be reversed and a new trial ordered (*People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866; *People v Jones*, 70 NY2d 547; *People v Ranghelle*, 69 NY2d 56; CPL 240.45 [1] [a]). A photocopy of the form that was provided to the defense did not include certain alterations testified to by a police witness, and therefore cannot be considered a duplicative equivalent of the original (*see, People v Joseph*, 86 NY2d 565, 569; *People v Young*, 79 NY2d 365, 370; *People v Wallace*, 76 NY2d 953, 955). Defense counsel's election not to cross-examine the witness further without the original does not excuse this disclosure violation (*People v Goins*, 73 NY2d 989, 991). Additionally, since the prosecution did not even attempt to establish that the original document was lost or destroyed, let alone meet its burden on this issue, no lesser sanction was available (*see, People v Banch*, 80 NY2d 610, 620; *People v Morton*, 189 AD2d 488, 495). Concur—Ellerin, J. P., Williams, Tom and Mazzarelli, JJ.