The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK MACKEY, Appellant. [670 NYS2d 879] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered November 30, 1995, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After a jury trial, the defendant and his codefendant, Everad Salomon, were convicted of first and second degree robbery in connection with a gunpoint robbery on a Queens street. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's conviction must be reversed, however, because he was substantially prejudiced by the People's failure to provide certain *Rosario* material related to a critical aspect of the complainant's testimony until after she had been cross-examined. As a result of the People's delay in providing the material—a record book maintained by the complainant which was in the People's control—damaging testimony was unwittingly elicited during her cross-examination. The court refused to strike the testimony, but instead gave the jury an adverse inference charge regarding a different document which the People had failed to produce.

*Rosario* material must be provided at a time when it meaningfully can be used to prepare cross-examination. "The fairness concept embodied in the *Rosario* rule cannot be said to have been satisfied when pretrial statements revealing a potential trap for the cross-examiner are furnished to defense counsel only after the trap has sprung" (*People v Perez*, 65 NY2d 154, 159). Here, the prosecutor deliberately withheld information which was likely to be elicited on cross-examination and would be damaging to the defense. Consequently, reversal is required (*see, People v Perez, supra*).

In light of our determination, we need not address the defendant's remaining contentions. O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.