■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMAR LOPER, Appellant. [713 NYS2d 541] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered January 20, 1999, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was substantially prejudiced by the prosecution's delayed production of *Rosario* material (*see, People v Rosario,* 9 NY2d 286). The material consisted of part of a page in the memo book belonging to a testifying police officer, and which contained one of two statements made by the defendant upon his arrest. However, as the recorded statement was made by the defendant, it did not constitute *Rosario* material with respect to the police officer (*see,* CPL 240.45 [1] [a]). In any event, the defendant's two statements were included in the crime report and the notice given to the defendant pursuant to CPL 710.30 prior to trial. They were also the subject of suppression hearings, and the defendant was able to cross-examine the police officer who recorded the statement. Accordingly, the defendant's claim of prejudice lacks merit (*see, People v Bostic,* 258 AD2d 467). Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.