OPINION OF THE COURT
Vincent M. Del Giudice, J.
Defendant , is charged with criminal possession of a weapon in the third degree, under Penal Law § 265.02 (1), and moves *557 for dismissal of the indictment on double jeopardy grounds, pursuant to CPL 40.20 (1).
The instant motion arises out of this court’s constrained grant of defendant’s motion for a mistrial on September 19, 2002, during the direct testimony of a law enforcement agent called by the People as their first witness, on the ground that the prosecution failed to turn over to the defense in a timely manner, as Rosario material pursuant to People v Rosario (9 NY2d 286, cert denied 368 US 866) and its progeny, certain handwritten notes that the witness testified he had placed on the reverse side of a “consent to search” form signed by defendant shortly before a search uncovered the handgun that is the subject of the crime charged.
Mindful that in the usual case involving delayed delivery of Rosario material, an adequate remedy would be for the court simply to direct that the relevant witness remain available for appropriate questioning by the defense (see, e.g., People v Page, 296 AD2d 247 [2d Dept]; People v Brown, 234 AD2d 15 [1st Dept], lv denied 89 NY2d 984) or, in an appropriate case, for the court to preclude evidence relating to the subject matter of the material in question so as to obviate prejudice to the defendant (see, e.g., People v Martinez, 71 NY2d 937, 940), this court heard extensive argument from the parties before concluding that in the particular factual circumstances presented in this case, this seemingly easily curable Rosario violation so disadvantaged the defense that the granting of defendant’s motion for a mistrial was compelled (see, United States v Dinitz, 424 US 600, 608; see, also, People v Goins, 73 NY2d 989).
Recognizing that the grant of a motion for a mistrial is a drastic remedy, and mindful of the court’s duty to consider, in its discretion, “appropriate alternatives” (Hall v Potoker, 49 NY2d 501, 505), this court first reviewed the notes in question to determine their status as prior written statements of a prosecution witness and their relation to the subject matter of that witness’ testimony, as contemplated by People v Rosario (supra) and its progeny.
Initially, contrary to the prosecution’s argument, this court found that the notes in question in fact constitute Rosario material. A review of the notations in question reveals that, in addition to memorializing incriminatory statements allegedly offered by defendant at the scene of his arrest regarding ownership and possession of the handgun in question, they memorialize circumstances allegedly observed by the witness relating to the alleged basis for defendant’s arrest. More particularly, in *558 this constructive possession case, the notes refer, inter alia, to the alleged whereabouts of defendant’s roommate and to the location of personal property alleged to be that of defendant at the time in question. Thus, clearly the facts of this case are distinguishable from those in People v Loper (275 AD2d 801 [2d Dept], lv denied 96 NY2d 736), cited by the People in support of their opposition to defendant’s mistrial motion. In Loper, the defendant claimed a Rosario violation and substantial prejudice by the delayed production of a memo book entry of a police witness containing one of two statements made by the defendant upon his arrest. The Appellate Division found in that case that the notation in question did not constitute Rosario material with respect to the police officer because, unlike in this case, it referred merely to the defendant’s own statement (of which the defendant had appropriate and timely notice).
Having determined that the notes in question in this case constitute Rosario material, this court was then presented with the question of whether the delayed discovery/delivery of this Rosario material warranted granting the defense motion for a mistrial on the ground that the defense was substantially prejudiced by such delayed discovery/delivery (see, People v Cannon, 171 AD2d 752 [2d Dept], lv denied 78 NY2d 1074).
Defense counsel argued that, in light of the delayed discovery/ delivery of evidence that an investigating officer had made contemporary notes of defendant’s alleged incriminatory statements and other matters directly relevant to the circumstances of defendant’s arrest, counsel could not at this juncture continue pursuit of the defense, already put into motion during the jury voir dire and opening statement, that any testimony regarding defendant’s alleged incriminatory statements must be subjected to careful scrutiny and rejected, because no contemporary notes had been made by any of the investigating officers. Defense counsel argued further that, even in the event the court ruled to preclude any evidence of the notations in question, ethical considerations barred defense counsel from arguing to the jury, as planned, that the investigation of this case was conducted and documented inadequately and/or erroneously, with reliance in large measure on the particular circumstance that, in this constructive possession case, absolutely no contemporaneous notes exist of defendant’s alleged incriminatory statements.
Defense counsel’s argument is supported by the record, which reveals that counsel forcefully presented the defense position regarding faulty investigation and nonexistent documentation *559 of key elements thereof, both in questioning the jury panel during voir dire and in the defense opening statement, in reliance on the prosecution’s representation that all extant Rosario materials had already been turned over to the defense. The delayed disclosure thus rendered the core of this planned defense, at best, inaccurate, or, at worst, a deliberate attempt to deceive the jury.
In exploring alternatives to granting the defense motion for a mistrial, this court considered the circumstance that preclusion of testimony by any of the People’s witnesses regarding contemporaneous notes relating to defendant’s alleged statements would permit defense counsel to argue in summation, accurately, that no evidence of contemporaneous documentation had been “presented” during trial (rather than that the evidence established that no such documentation had ever been created). This proposition was fairly met with defense counsel’s argument that the planned defense strategy relied heavily on affirmative use of the total failure of any law enforcement agent to create such contemporaneous documentation. In this regard, this court took notice that based upon repeated assurance by the prosecutor that all extant discovery materials had been delivered to the defense as required, both in connection with the suppression hearing in this case held before this court approximately two months prior to trial and prior to commencement of testimony at trial (an assurance first discovered to be inaccurate during the direct testimony of the People’s first witness), defense counsel had reasonably been led to believe that no such documentation existed, and had reasonably implemented the defense strategy accordingly. In short, a key element of defense counsel’s planned trial strategy was to ask the People’s first witness, and all other relevant witnesses presented by the People, whether he or she contemporaneously documented defendant’s alleged incriminatory statements or observed any other law enforcement agent do so, at the scene of defendant’s arrest, with the rightful expectation that the answer, in all cases, would be a resounding “No.”
On the other hand, and alternatively to the rejected argument that the notes in question do not constitute Rosario material pursuant to People v Loper (supra), the prosecution argued, in essence, that defendant was not prejudiced in any meaningful manner by the delayed disclosure, since the witness who allegedly created those contemporaneous notes was available to the defense for cross-examination (although the trial assistant conceded that defense counsel had relied on the *560 lack of any such documentation in fashioning questions during the jury voir dire and in presenting his opening arguments).
In this court’s view, the defense argument is the most compelling. In the particular circumstances presented, introduction of any testimony from the People’s first witness, or from any other prosecution witness involved in the official investigation of this case, regarding contemporaneous notes of defendant’s alleged incriminatory statements and certain circumstances relating to the alleged basis for defendant’s arrest, could only destroy the defense, while bolstering the case for the prosecution (see, People v Goins, supra). Further, preclusion, even given the opportunity for defense questioning of the relevant prosecution witness or witnesses, would at best result only in the hope that the jury would somehow glean a negative inference from a lack of relevant testimony. Having reasonably relied upon the prosecutor’s assurance that all extant Rosario materials had been timely delivered to the defense (see, People v Poole, 48 NY2d 144, 149), substantial prejudice to defendant is manifest in that the late delivery of this particular Rosario material effectively destroyed a key element of the planned and implemented defense. This key element had already been squarely and forcefully presented to the jury, both during jury voir dire and in defense counsel’s opening statement, and the late delivery effectively negated defense counsel’s planned trial strategy of making affirmative use of the lack of contemporaneous documentation regarding defendant’s alleged incriminatory statements, through appropriate cross-examination of the People’s witnesses (see, People v Goins, supra; see, also, People v Perez, 65 NY2d 154, 159-160). Thus, this court granted defendant’s motion for a mistrial.
The issue currently before the court is whether a retrial is now barred by double jeopardy considerations. It is undisputed that jeopardy had attached in this case when the jury was empaneled (see, e.g., United States v Jorn, 400 US 470, 474, 475).
The defense position is that the prosecutor’s failure to adhere strictly to all relevant discovery provisions contained in CPL article 240, as well as an “open file discovery” stipulation that was “so ordered” by the motion court, is “legally inexplicable” and so reprehensible as to stand as a bar to retrial. The defense relies for the most part on the holding in Matter of Potenza v Kane (79 AD2d 467 [4th Dept], lv denied 53 NY2d 606), that when a prosecutor acts in bad faith for the purpose of provoking a mistrial motion by the defense, and the motion is granted, a retrial is barred by double jeopardy considerations.
*561 The People’s position, on the other hand, is that retrial is not barred by double jeopardy considerations because although defendant moved for a mistrial based on prosecutorial error, the prosecution did not act in bad faith or with a desire to provoke defendant’s mistrial motion (citing, inter alia, Oregon v Kennedy, 456 US 667; Matter of Potenza v Kane, supra). Rather, the People refer to the record, noting that the trial assistant, through mere inadvertence, was not aware of the handwritten notes on the reverse side of the original consent form until the People’s first witness mentioned them in testimony. The People also state the obvious, i.e., that there would have been no reason for the prosecution to withhold the notations, which are not exculpatory in nature, and may have offered support to the People’s case. Thus, nondisclosure potentially would have acted to bar their introduction at trial, resulting in harm, rather than benefit, to the People’s case.
It is well settled that when a defendant successfully moves for a mistrial, generally a retrial is not barred by double jeopardy considerations, even if the defendant’s motion is necessitated by prosecutorial or judicial error, where the motion is not attributable to prosecutorial or judicial “overreaching” (United States v Jorn, supra at 485). In such a case, a key consideration for double jeopardy issues “is that the defendant retain primary control over the course to be followed” (United States v Dinitz, supra at 609). Thus, “[i]n the event of a severely prejudicial error a defendant might well consider an immediate new trial a preferable alternative to the prospect of a probable conviction followed by an appeal, a reversal of the conviction, and a later retrial” (United States v Dinitz, at 610). As noted by the Supreme Court in United States v Jorn (supra),“the defendant’s double jeopardy interests, however defined, do not go so far as to compel society to so mobilize its decision-making resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error” (at 484). Ultimately, double jeopardy considerations bar retrial following a defendant’s successful motion for a mistrial based on governmental actions, only upon a finding of bad faith conduct intended to provoke a mistrial motion by the defense, so as to harass an accused by successive prosecutions or to afford the prosecution a more favorable opportunity to convict (United States v Dinitz, supra at 611). Conversely, inadvertent error by the prosecution that occasions a mistrial motion by the defense will not stand as a bar to retrial (Drayton v Hayes, 589 F2d 117, 121 [2d Cir]).
*562 Determination of the instant motion requires a review of the record (see, Drayton v Hayes, supra at 122) to determine whether or not the prosecution’s failure to discover and timely provide the witness’ handwritten notes to the defense constitutes prosecutorial misconduct designed to provoke defendant’s mistrial motion and afford the prosecution a more favorable opportunity to convict at a second trial (see, United States v Dinitz, supra at 611; Drayton v Hayes, supra at 121; see, also, People v Holmes, 128 AD2d 727 [2d Dept], lv denied 70 NY2d 648). A review of the record, as outlined below, reveals no basis for such a determination.
A photostatic copy of the consent form in question was offered into evidence at a pretrial suppression hearing held before this court. When the original form was offered into evidence at trial, through a witness who had not testified at the suppression hearing, the handwritten notes on the reverse side of the form were for the first time brought to the attention of the parties and the court, by the witness on the stand. At that juncture, the trial assistant represented to the court that he had first received the file containing the original form from the arresting officer the day before trial testimony commenced, at which time he reviewed the file to ascertain whether any additional discovery materials might be contained therein, and inadvertently failed to notice the handwritten notes on the reverse side of the form, which he recognized as the same form (sans the reverse side) previously delivered to the defense. Indeed, this court observed both the delivery of voluminous discovery materials from the prosecution to the defense in accordance with statutory requirements, as well as the trial assistant’s obvious surprise at the belated discovery of the handwritten notes in question.
A hearing conducted outside the presence of the jury revealed that the People’s first witness at trial, then being questioned on direct examination, had written those notes contemporaneously with his observations and defendant’s alleged statements made at the scene of the discovery of the handgun in question, which resulted in defendant’s subsequent arrest for possession of that weapon.
Based on the record and observations at trial as noted above, this court accepts the prosecutor’s representation that the delayed delivery to defense counsel of the handwritten notations in question was inadvertent. Finding no showing that the prosecutor deliberately provoked defendant’s motion for a mistrial, defendant’s current claim that a retrial is barred by *563 double jeopardy protections must be rejected (Oregon v Kennedy, supra at 676; Matter of Davis v Brown, 87 NY2d 626, 630).
Defendant’s alternative motion for a hearing and an order mandating the testimony of the prosecutor “concerning the failure of the prosecutor to timely comply” with the relevant discovery provisions of CPL article 240 and the “open file discovery” stipulation that was “so ordered” by the motion court is denied. As outlined above, the matter was fully explored before this court, on the record and with adequate opportunity for input and argument by the parties, in connection with the mistrial motion. It is this court’s view, stated on the record at that time, that the record regarding this matter stands for itself. Defendant has offered no basis for a further hearing.