THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY MITCHELL, Appellant. [789 NYS2d 185]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered August 1, 2003, convicting him of burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was indicted, inter alia, on two counts of burglary in the first degree. During a pretrial *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]), the People turned over to the defense copies of certain police reports in which the perpetrator was described as a 30-year-old Hispanic male. The defendant is black and was 44 years old at the time of the trial. During jury selection and in opening statements, the defense counsel stated that the defense would be misidentification, and relied heavily upon the contention that the police reports described a very different person than the defendant. After the first witness testified, the People turned over copies of additional police reports containing different descriptions of the perpetrator, which were much closer to that of the defendant. The Supreme Court determined that the prosecutor committed a *Rosario* violation (*see People v Rosario,* 9 NY2d 286 [1961], *cert*

*denied* 368 US 866 [1961]), but indicated that a mistrial was not warranted under the circumstances.

We agree with the defendant that the Supreme Court abused its discretion in declining to grant a mistrial. It is well settled that the People must turn over to the defense any prior statements by a witness which relates to the subject matter of that witness's testimony for use on cross-examination (*see* CPL 240.45 [1] [a]; *People v Rosario, supra*). The material must be provided at a time when it can be useful to the defense (*see People v Goins,* 73 NY2d 989, 991 [1989]). As the People correctly concede, it was a violation of this rule to fail to turn over the additional police reports before the start of the trial. However, contrary to the People's contentions, the prejudice to the defendant was not obviated by the remedial action taken by the trial court (*see People v Thompson,* 71 NY2d 918, 919-920 [1988]; *People v Mackey,* 249 AD2d 329, 330 [1998]). When the late disclosure of *Rosario* material results in substantial prejudice to the defendant, a new trial is required (*see People v Smith,* 190 AD2d 700, 701 [1993]). As the defendant framed the issue entirely in terms of the misidentification shown by the documents in his possession, and cross-examined the first witness without the benefit of the missing documents, he was substantially prejudiced by the violation (*see People v Goins, supra* at 991).

In light of our determination, we need not reach the defendant's remaining contention. Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.