■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DIXON, Appellant. [29 NYS3d 554]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered January 20, 2012, convicting him of rape in the first degree, assault in the second degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the testimony of the People's expert improperly bolstered the complainant's testimony is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Murray*, 116 AD3d 1068, 1069 [2014]; *People v Jackson*, 100 AD3d 1018 [2012]). In any event, any error in admitting this testimony was harmless, since the other evidence of the defendant's guilt was overwhelming, and there was no significant probability that, but for the error, the jury would have acquitted the defendant (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Myers*, 117 AD3d 755, 756 [2014]).

The defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of a fair trial based on several instances of alleged prosecutorial misconduct is not reviewable on direct appeal since the record contains insufficient evidence for this Court to review the defendant's claim (*see* CPL 440.10 [2] [b]; *People v Craft,* 104 AD3d 786, 787-788 [2013]). The defendant's claim in this regard may properly be reviewed only in the context of a motion to vacate the judgment of conviction pursuant to CPL 440.10, which is designed for the purpose of developing matter dehors the record (*see People v Craft,* 104 AD3d at 788; *People v Franklin,* 77 AD3d 676 [2010]).

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim of ineffective assistance" (*People v Maxwell,* 89 AD3d 1108, 1109 [2011]; *see People v Evans,* 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump,* 53 NY2d 824, 825 [1981]; *People v Brown,* 45 NY2d 852, 853 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Marryshow,* 135 AD3d 964, 965 [2016]; *People v Freeman,* 93 AD3d 805, 806 [2012]; *People v Maxwell,* 89 AD3d at 1109).

The defendant's remaining contention, raised in his pro se supplemental brief, is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.