■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PHILLIP, Appellant. [31 NYS3d 184]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered October 24, 2012, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion for an order authorizing him to obtain additional expert services.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion for an order authorizing him to obtain a second fingerprint/palm print expert. A defendant seeking expert services must demonstrate that such services are necessary (*see* County Law § 722-c; *People v Wilson*, 107 AD3d 919 [2013]). The record indicates that the defendant had already been provided with an expert and did not set forth any reason why his expert could not perform any additional fingerprint or palm print analysis he needed. The defendant's contention that fingerprint expert services were never rendered on his behalf is belied by the record. Since the defendant failed to demonstrate the necessity of the expert services he requested, the Supreme Court providently exercised its discretion in denying the motion (*see People v Mallayev*, 120 AD3d 1358 [2014]).

The defendant contends that the Supreme Court erred in failing to enforce a subpoena demanding from law enforcement any documents created when the People's expert matched the defendant's palm prints with those found at the crime scene

(*see* CPL 240.20 [1] [c]; *People v Davis*, 196 AD2d 597, 598 [1993]). This contention is without merit. The People stated on the record several times that all documents relating to the matching of the crime scene lifts with the defendant's prints had been given to the defendant, and nothing else existed. The prosecutor's representation that no other documents exist suffices to resolve the issue, and the Supreme Court is entitled to rely on that representation (*see People v Minnerly*, 162 AD2d 627 [1990]). Accordingly, the Supreme Court properly declined to enforce the subject subpoena, since the subpoenaed material did not exist and therefore compliance was impossible (*see Gray v Giarrizzo*, 47 AD3d 765 [2008]).

Similarly, the Supreme Court properly rejected, without a hearing, these same arguments when raised in the defendant's motion pursuant to Criminal Procedure Law § 330.30 (1) to set aside the verdict. Austin, J.P., Cohen, Miller and Duffy, JJ., concur.