People v Reeves (2020 NY Slip Op 01191)





People v Reeves


2020 NY Slip Op 01191


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2015-04718
 (Ind. No. 7904/12)

[*1]The People of the State of New York, respondent,
v
Robert Reeves, appellant.


Paul Skip Laisure, New York, NY (Lisa Napoli of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered May 27, 2015, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The defendant's contention that the admission of certain DNA evidence at trial violated his rights under the Sixth Amendment's Confrontation Clause (see People v John, 27 NY3d 294, 309-315) is unpreserved for appellate review (see CPL 470.05[2]), and we decline to review this issue in the exercise of our interest of justice jurisdiction (see People v Degracia, 173 AD3d 1199, 1200; People v Davis, 171 AD3d 1209, 1209).
We agree with the Supreme Court's determination to deny the defendant's request for a missing witness charge, as the People established that the uncalled civilian witness was unavailable to testify (see People v Gonzalez, 68 NY2d 424, 428; People v Lopez, 168 AD3d 418, 419; People v Binyon, 48 AD3d 473, 473). In addition, the defendant's contention in his pro se supplemental brief that he was entitled to a missing witness charge with respect to an uncalled assistant district attorney is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, is without merit (see People v Gonzalez, 68 NY2d at 427-428; People v Piedra, 87 AD3d 706, 706).
The defendant's contentions in his main brief and his pro se supplemental brief that certain remarks made by the prosecutor during summation were improper are, for the most part, [*2]unpreserved for appellate review (see CPL 470.05[2]; People v Mena, 172 AD3d 1235, 1236; People v Beaupre, 170 AD3d 1031, 1033; People v Anka, 154 AD3d 870, 872). In any event, most of the challenged summation remarks were within the bounds of permissible rhetorical comment, a fair response to statements made by defense counsel, or fair comment on the evidence and reasonable inferences to be drawn therefrom (see People v Mena, 172 AD3d at 1236; People v Azor, 172 AD3d 1087, 1087). To the extent that some of the challenged remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Coleman, 148 AD3d 717, 718; People v Almonte, 23 AD3d 392, 394).
The defendant's contention in his pro se supplemental brief that the prosecutor violated the disclosure requirements of People v Rosario (9 NY2d 286) and Brady v Maryland (373 US 83) is without merit. Although a witness testified that the uncalled assistant district attorney had taken notes during an interview, the prosecutor expressly represented that neither he nor his colleague had done so. The prosecutor's representation "sufficed to resolve the issue," and the Supreme Court was entitled to rely on that representation (People v Cole, 196 AD2d 634, 636; see People v Phillip, 139 AD3d 881, 881-882; People v Rodriguez, 181 AD2d 841, 841-842). To the extent the defendant argues that the court should have held a hearing or conducted an in camera review of the prosecution's file before making the threshold factual determination of whether any undisclosed Brady or Rosario information existed in the first place (see People v Dockery, 278 AD2d 427, 427-428), this argument is unpreserved for appellate review (see People v Brown, 286 AD2d 340, 340).
The defendant waived his contention, raised in his pro se supplemental brief, that he was denied the right to testify before the grand jury by failing to move to dismiss the indictment within five days after his arraignment thereon (see CPL190.50[5][c]; People v McTerrell, 174 AD3d 648, 649).
The defendant's contention in his pro se supplemental brief that he was deprived of a fair trial based on several additional instances of alleged prosecutorial misconduct is not reviewable on direct appeal since the record contains insufficient evidence for this Court to review his claim (see CPL 440.10[2][b]; People v DeFelice, 164 AD3d 697, 697; People v Dixon, 138 AD3d 1016, 1017; People v English, 119 AD3d 706, 706). "The defendant's claim in this regard may properly be reviewed only in the context of a motion to vacate the judgment of conviction pursuant to CPL 440.10, which is designed for the purpose of developing matter dehors the record" (People v Dixon, 138 AD3d at 1017).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court