People v Gonzalez

2026 NY Slip Op 02047

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Wilfredo Gonzalez, Defendant-Appellant.

Decided and Entered: April 02, 2026

Ind No. 00002/21|Appeal No. 6016|Case No. 2022-03361|

Before: Moulton, J.P., Pitt-Burke, O'neill Levy, Michael, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel) and Cornell Law School, Appellate Criminal Defense Clinic, New York (Rachel Goldberg of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Steven M. Statsinger, J.), rendered July 20, 2022, as amended July 28, 2022, convicting defendant, after a jury trial, of persistent sexual abuse, and sentencing him, as a predicate sex offender with a prior violent felony offense, to a term of four years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26, 29-30 [2024]). There is no basis for disturbing the jury's credibility determinations (see People v Romero, 7 NY3d 633, 645-646 [2006]). The totality of the evidence, including testimony from the victim and an eyewitness, established that defendant deliberately subjected the victim to sexual contact, and that he acted with the requisite intent to obtain sexual gratification (see Penal Law §§ 130.00[3], 130.53; People v Hatton, 26 NY3d 364, 369 [2015]). Defendant did not preserve any argument that the prosecutor mischaracterized the evidence during summation, and we decline to consider it in the interest of justice (see People v Carlucci, 196 AD3d 418, 420 [1st Dept 2021], lv denied 37 NY3d 1026 [2021]).

The trial court providently exercised its discretion by admitting evidence of two of defendant's prior incidents of sexual misconduct on the subway (see People v Morris, 21 NY3d 588, 597 [2013]). This evidence was relevant to establish defendant's intent, where the charged sexual conduct involved the act of rubbing his unexposed groin against a woman's buttocks in a crowded public area (see People v Ingram, 71 NY2d 474, 479 [1988]). "Even if defendant's intent could be inferred from his behavior, the People, who had the burden of proving that element, 'were not bound to stop after presenting minimum evidence'" (People v McKenzie, 169 AD3d 557, 558 [1st Dept 2019], lv denied 33 NY3d 1033 [2019], quoting People v Alvino, 71 NY2d 233, 245 [1987]). "Furthermore, even if defendant's principal defense was that he did not touch the victim at all, . . . portions of the defense cross-examination and summation could be viewed as challenging the proof of the element of intent" (People v Goode, 176 AD3d 629, 630 [1st Dept 2019], lv denied 34 NY3d 1159 [2020]).

[*2]

Contrary to defendant's assertion, this case is distinguishable from People v Weinstein (42 NY3d 439 [2024]).There, the Court of Appeals held that Molineux evidence was improperly admitted "to show defendant's forcible intent, rebut his claim of consent, and explain why complainants were 'hesitant' to report these assaults'" (id. at 458). The Court instead concluded that, "as a matter of law," the People failed to show how the proffered witness testimonies "were necessary for a non-propensity purpose" (id. at 458-459). In so holding, the Court first observed that nothing about the complainants' respective testimonies against defendant were "equivocal" on the issue of their consent to defendant's conduct so as to warrant Molineux evidence(see id. at 459). It then explained that there was a "candid acknowledgment that the true purpose of this evidence was to bolster complainants' credibilities," which, the Court noted, constituted an "impermissible propensity purpose"(id. at 460).

Here, by contrast, the alleged act itself was "equivocal and, unless accompanied by some guilty knowledge, the transaction would not be criminal" (Alvino, 71 NY2d at 242-243). Nor was there any explicit or tacit acknowledgment that the People intended to use evidence of defendant's prior incidents of sexual assault to bolster the complainants' credibility (cf. Weinstein, 42 NY3d at 460). Thus, the trial court properly concluded that Molineux evidence directed to the issue of defendant's intent was admissible (see McKenzie, 169 AD3d at 558). The court addressed the potential for prejudice and took steps to minimize any undue prejudicial effect by precluding evidence about an additional incident and providing repeated limiting instructions (see Morris, 21 NY3d at 598; McKenzie, 169 AD3d at 558).

Defendant was required to preserve his claim that, during a preliminary screening stage of jury selection, the court improperly excused jurors and directed them to exit the courtroom and await further instructions from a court officer (see People v King, 27 NY3d 147, 153 [2016]; People v Casanova, 62 AD3d 88, 90 [1st Dept 2009], lv denied 12 NY3d 852 [2009]). To the extent the record permits review (see People v Bosa, 60 AD3d 571, 573 [1st Dept 2009], lv denied 12 NY3d 923 [2009]; People v Branford, 220 AD2d 203, 203 [1st Dept 1995], lv denied 87 NY2d 1017 [1996]), the court appears to have made its own determinations regarding the jurors' fitness and the proper course of action, so any instructions provided by the court officer were fundamentally ministerial (see People v Manley, 241 AD3d 1175, 1176 [1st Dept 2025], lv denied 44 NY3d 1053 [2025]; People v Ocampo, 206 AD3d 454, 455-456 [1st Dept 2022], lv denied 38 NY3d 1152 [2022]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026