People v Ibrahim
2026 NY Slip Op 03687
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Jamil Ibrahim, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2025-02044, (Ind. No. 7219/18)
Colleen D. Duffy, J.P.
Paul Wooten
Helen Voutsinas
James P. McCormack, JJ.

Law Office of Robert Osuna, P.C., New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Phyllis Chu, J.), rendered February 19, 2025, convicting him of sexual abuse in the third degree, burglary in the third degree, and computer trespass, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
After a jury trial, the defendant, a physician, was convicted of sexual abuse in the third degree (Penal Law § 130.55), burglary in the third degree (id. § 140.20), and computer trespass (id. § 156.10) in connection with his actions toward the complainant, who was his patient, as well as his unauthorized presence in a property owned by his former medical clinic employer following his suspension from his position and his unauthorized accessing of the complainant's medical records during his suspension.
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support his conviction of computer trespass (see id. § 156.10) due to his alleged right to continued access to patient records. The defendant failed to specify this ground in his motion to dismiss the indictment at trial (see CPL 470.05[2]; People v Finger, 95 NY2d 894, 895). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of both burglary in the third degree and computer trespass beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Among other things, the People provided the defendant's employment contract, which prohibited the defendant from removing or copying medical records without his employer's consent. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court did not err in permitting [*2]the People to elicit testimony from two witnesses regarding prior incidents of alleged sexual misconduct by the defendant during medical examinations. Evidence of a crime or bad act may be admissible as evidence in the People's case-in-chief in the trial of another crime when it tends to establish a defendant's (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity (see People v Molineux, 168 NY 264, 293; People v Blackwell, 219 AD3d 619, 621). When evidence is sought to be introduced to prove a defendant's intention in the crime charged, the probative balance has generally warranted admission of this evidence only where the acts involved in the crimes charged are equivocal so that intention is not easily inferred from the acts alone (see People v Weinstein, 42 NY3d 439, 460; People v Telfair, 41 NY3d 107, 115). If the evidence has substantial probative value and is directly relevant to the purpose—other than to show criminal propensity—for which it is offered, the probative value of the evidence outweighs the danger of prejudice and the court may admit the evidence (see People v Blackwell, 219 AD3d at 621; see also People v Weinstein, 42 NY3d at 458). Here, the Molineux evidence was relevant to establish the defendant's intent, since the charged sexual conduct involved inappropriately touching the complainant during a medical examination (see People v Gonzalez, ____ AD3d ____, ____, 2026 NY Slip Op 02047, *1). Moreover, the court addressed the potential for prejudice and took steps to minimize any undue prejudicial effect by providing repeated limiting instructions (see People v Morris, 21 NY3d 588, 598; People v Nicholson, 210 AD3d 1009, 1011). Thus, the court properly concluded that the Molineux evidence directed to the issue of defendant's intent was admissible (see People v Gonzalez, ____ AD3d at ____, 2026 NY Slip Op 02047, *2).
Contrary to the defendant's contention, the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371, 376) regarding statements made on certain audio recordings was not improper. The defendant concedes on appeal that the recordings contained no allegations of specific criminal, vicious, or immoral acts (see id.; People v Chappell, 198 AD3d 1018, 1020 n). Further, insofar as the statements made on the recordings concerned the complainant, that evidence was "relevant to the very same crime for which the defendant [was] on trial" (People v Frumusa, 29 NY3d 364, 370).
The defendant's contention that the Supreme Court should not have permitted the People to use these recordings to cross-examine him because they were not timely disclosed is unpreserved for appellate review (see CPL 470.05[2]). Further, the court did not err in declining to impose a sanction against the People for the late disclosure (see People v Emanuel, 239 AD3d 767, 768). The defendant's contention, raised in his appellate brief, that the People failed to exercise due diligence in disclosing the audio recordings is not reviewable on direct appeal, since the record contains insufficient evidence for this Court to review the defendant's claim (see CPL 440.10[2][b]; People v Dixon, 138 AD3d 1016, 1017; see also People v Boyce, 118 AD3d 1016, 1016). The defendant's claim in this regard may properly be reviewed only in the context of a motion made to vacate the judgment of conviction pursuant to CPL 440.10 (see People v Reeves, 180 AD3d 936, 938; People v Dixon, 138 AD3d at 1017).
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPL 200.20 to sever the counts of burglary in the third degree and computer trespass from the count of sexual abuse in the third degree. The joinder of the counts in a single indictment was proper under CPL 200.20(2)(b) in order to complete the narrative of all the events charged in the indictment and to provide necessary background information (see People v Manning, 239 AD3d 887, 888; People v Persaud, 235 AD3d 1006, 1008).
However, the defendant correctly contends that he is entitled to a new trial based on the People's belated disclosure of certain notes between the complainant and social workers describing therapy sessions. The social workers were employed by the People, and their notes at all times had been in the People's possession. The People must turn over to the defense any prior statements by a witness which relate to the subject matter of that witness's testimony for use on cross-examination (see People v Rosario, 9 NY2d 286; People v Lebovits, 94 AD3d 1146, 1149). The material must be provided at a time when it can be useful to the defense (see People v Goins, 73 NY2d 989, 991; People v Mitchell, 14 AD3d 579, 580). When the late disclosure of Rosario material results in substantial prejudice to the defendant, a new trial is required (see People v [*3]Mitchell, 14 AD3d at 580; People v Smith, 190 AD2d 700, 701). Here, the defendant was substantially prejudiced by the late disclosure of these notes, as he was unable to sufficiently review the material or to retain an expert to do so. Moreover, the prejudice was not obviated by the remedial action taken by the Supreme Court, since the preclusion of the notes was not helpful to the defendant (see People v Lebovits, 94 AD3d at 1149). In light of the substantial prejudice to the defendant that resulted from the late disclosure of the Rosario material, a new trial is required (see People v Lebovits, 94 AD3d at 1149; People v Mitchell, 14 AD3d at 580).
We do not reach the defendant's remaining contentions in light of our determination.
DUFFY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court