◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL ANDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered February 22, 1983, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and have been determined to have been established.

On appeal, the defendant, who proceeded pro se at trial, contends that the trial court failed to adequately advise him of the perils of self-representation, thereby mandating a new trial. We agree and accordingly reverse.

"Regardless of his lack of expertise and the rashness of his choice, defendant could choose to waive counsel if he did so knowingly and voluntarily" *(People v Vivenzio,* 62 NY2d 775, 776). Implicit in a decision to defend *pro se* is a concomitant decision to disavow the constitutional right to counsel. For the election to waive counsel to be effective, assuming it was timely, the court must insure that it was made competently, intelligently and voluntarily and that the defendant was aware of the dangers and disadvantages of self-representation before being allowed to proceed *(People v Smith,* 68 NY2d 737, *cert denied* — US —, 93 L Ed 2d 392; *People v McIntyre,* 36 NY2d 10, 17). In order to ascertain this, the trial court should undertake a sufficiently searching inquiry to assure itself that the dangers and disadvantages attendant upon forfeiture of the fundamental right to counsel are appreciated by the defendant *(People v Kaltenbach,* 60 NY2d 797, 798-799; *People v Sawyer,* 57 NY2d 12, 21 *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178).

The record before us is devoid of any warning by the trial court with respect to the hazards of self-representation. Such failure to inform is not subject to harmless error analysis *(see, People v Bonds,* 99 AD2d 759). Accordingly, a new trial is mandated.

We have considered the defendant's other contention and find it to be without merit. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.