■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALLEN GORDON, Appellant. [886 NYS2d 627]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered January 28, 1999, convicting him of murder in the first degree (seven counts), attempted murder in the first degree (two counts), rape in the first degree, sodomy in the first degree, robbery in the first degree, and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to counsel was unequivocal, voluntary, and intelligently made (*see People v Providence*, 2 NY3d 579, 580 [2004]; *People v Arroyo*, 98 NY2d 101, 103 [2002]; *People v Smith*, 92 NY2d 516, 520 [1998]; *People v Anderson*, 125 AD2d 580, 581 [1986]). The trial court undertook a sufficient searching inquiry of the defendant to be reasonably certain that the dangers and disadvantages of giving up the fundamental right to counsel were impressed upon him (*see People v Providence*, 2 NY3d at 580; *People v Arroyo*, 98 NY2d at 103; *People v Smith*, 92 NY2d at 520; *People v Anderson*, 125 AD2d at 581). Further, the trial court apprised the defendant of the risks and dangers of self-representation (*see People v Providence*, 2 NY3d at 582-583). Thus, the trial court properly granted the defendant's request, made prior to jury selection, to proceed pro se.

Contrary to the defendant's contentions, the trial court, which was entitled to rely, inter alia, on its own observations of, and interactions with, the defendant, providently exercised its discretion in denying his application, made during the course of the trial, for a competency examination (*see* CPL 730.30 [1];

*People v Morgan,* 87 NY2d 878, 879-880 [1995]; *People v Russell,* 74 NY2d 901, 902 [1989]; *People v Rojas,* 43 AD3d 413 [2007]; *People v Jones,* 25 AD3d 809, 810 [2006]; *People v Soto,* 23 AD3d 586 [2005]; *People v Jordan,* 21 AD3d 1039 [2005]).

Lastly, the trial court properly declined to charge the jury with respect to the affirmative defense of extreme emotional disturbance. The defendant testified that he was innocent of the murder and attempted murder charges and, thus, effectively vitiated the viability of the affirmative defense of extreme emotional disturbance (*see People v Adams,* 72 AD2d 156, 162 [1980], *affd* 53 NY2d 1 [1981]; *cf. People v Harris,* 109 AD2d 351, 366 [1985]). In any event, even when viewed in the light most favorable to the defendant, the evidence did not warrant an extreme emotional disturbance charge (*see People v Leslie,* 41 AD3d 510, 511 [2007]; *cf. People v Harris,* 95 NY2d 316, 320 [2000]). Dillon, J.P., Eng, Belen and Hall, JJ., concur.