■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO FRANKLIN, Appellant. [908 NYS2d 359]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered April 25, 2006, convicting him of attempted murder in the second degree, assault in the first degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he is entitled to a new trial in light of newly discovered evidence is based on matter dehors the record and, therefore, is not properly before this Court on the defendant's direct appeal (*see People v Ransome*, 207 AD2d 504, 504 [1994]; *People v Mosca*, 131 AD2d 704 [1987]; *see also People v Melendez-Smith*, 66 AD3d 1042, 1042-1043 [2009]; *People v Johnson*, 64 AD3d 792, 793 [2009]). The defendant's claim may properly be reviewed only in the context of a post-judgment motion to vacate pursuant to CPL article 440 (*see People v Johnson*, 64 AD3d at 793; *People v Ransome*, 207 AD2d at 504).

Contrary to the defendant's contention, the Supreme Court, which was entitled to rely, inter alia, on its own observations of, and interactions with, the defendant, providently exercised its discretion in denying his application for a competency examination (*see* CPL 730.30 [1]; *People v Morgan*, 87 NY2d 878, 879-881 [1995]; *People v Gordon*, 66 AD3d 920, 920 [2009]; *People v Jordan*, 21 AD3d 1039, 1039 [2005]).

The defendant's contention that the prosecutor committed misconduct by failing to turn over exculpatory evidence in violation of *People v Rosario* (9 NY2d 286 [1961]) and *Brady v Maryland* (373 US 83 [1963]), is based on matter dehors the record and cannot be reviewed on the defendant's direct appeal (*see People v Helenese*, 75 AD3d 653 [2010]).

The defendant's contention that he was deprived of a fair

trial because the prosecutor made an improper remark during his opening statement is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Leon*, 61 AD3d 776, 777 [2009]). In any event, the challenged remark constituted a permissible description of what the People intended to prove at trial (*see People v Helenese*, 75 AD3d 653 [2010]). To the extent that the remark could be deemed improper, any resulting error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The defendant received meaningful representation of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.