Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered December 13, 2Ó10, convicting him of burglary in the second degree, criminal use of a firearm in the second degree, criminal trespass in the first degree, criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree, and menacing in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dolan, J.), of that branch of the defendant’s omnibus motion which was to suppress certain statements he made to law enforcement officials.
Ordered that the judgment is affirmed.
The defendant’s contention that the County Court erred in denying, after a Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]), that branch of his omnibus motion which was to suppress his videotaped statement to detectives which he made after his arrest is only partially preserved for appellate review (see CEL 470.05 [2]) and, in any event, is without merit. His contention, in effect, that he should have been examined by a psychiatric expert prior to the administration of Miranda warnings (see Miranda v Arizona, 384 US 436 [1966]) is unavailing. The record demonstrates that he was lucid and coherent during the interview and gave no indication that he would have been unable to comprehend “the immediate import of [the Miranda] warnings” (People v Williams, 62 NY2d 285, 289 [1984]). The record establishes that the defendant knowingly and intelligently waived his rights under Miranda v Arizona (384 US 436 [1966]) prior to making his statement (see People v Copela, 97 AD3d 760, 761 [2012]). Furthermore, there is no merit to his contention that his statement should have been suppressed because law enforcement officials failed to electronically record his waiver (see People v Esquerdo, 71 AD3d 1424, 1426 [2010]).
*787 In order for a defendant’s psychiatric evidence to be admissible in support of an insanity defense pursuant to Penal Law § 40.15, the defense must file and serve a timely, written notice of intent to present such evidence (see CPL 250.10 [1] [a]; [2]; People v Diaz, 15 NY3d 40, 45 [2010]; People v Smith, 1 NY3d 610, 612 [2004]; People v Almonor, 93 NY2d 571, 578 [1999]). Such notice must be served and filed before trial and not more than 30 days after entry of a plea of not guilty to the indictment (see CPL 250.10 [2]; People v White, 75 AD3d 109, 123 [2010]). However, in the interest of justice and for good cause shown, the court may, within its discretion, permit late service and filing of such notice “at any later time prior to the close of the evidence” (CPL 250.10 [2]; see People v Diaz, 15 NY3d at 45; People v Berk, 88 NY2d 257, 265-266 [1996], cert denied 519 US 859 [1996]; People v White, 75 AD3d at 123). Here, the defendant failed to demonstrate that he had a viable insanity defense. Accordingly, the County Court providently exercised its discretion in denying the defendant’s application for leave to serve and file a late notice pursuant to CPL 250.10 of intent to present psychiatric evidence in support of the defense.
There is no merit to the defendant’s contention that the County Court should have granted his request to charge the jury that a mistaken belief on his part that he was licensed or privileged to enter the school premises where the subject incident occurred negated the element of “knowingly entering] or remaining] unlawfully” (Penal Law §§ 140.25,140.17), which is necessary for a conviction of burglary in the second degree and criminal trespass in the first degree. Penal Law § 140.00 (5) provides, in pertinent part, that “[a] person who enters or remains in or about a school building without written permission from someone authorized to issue such permission or without a legitimate reason which includes a relationship involving custody of or responsibility for a pupil or student enrolled in the school or without legitimate business or a purpose relating to the operation of the school does so without license and privilege.” In light of this statutory provision and the factual circumstances of this case, the defendant could not have reasonably believed that he was licensed or privileged to enter the school.
The defendant’s contention that the County Court erred in denying his numerous requests for new assigned counsel is not reviewable on direct appeal inasmuch as no such request is apparent on the face of the record (see People v Espinal, 72 AD3d 701, 701 [2010]; People v Perry, 60 AD3d 873, 873 [2009]).
Furthermore, the defendant’s contention that he was deprived *788 of a fair trial based on several instances of alleged prosecutorial misconduct is not reviewable on direct appeal since the record contains insufficient evidence for this Court to review the defendant’s claims in this regard (see CPL 440.10 [2] [b]; cf. People v Johnson, 205 AD2d 707, 708 [1994]). These claims may properly be reviewed only in the context of a motion to vacate the judgment of conviction pursuant to CPL 440.10, which is designed for the purpose of developing matter dehors the trial record (see People v Franklin, 77 AD3d 676 [2010]; People v Johnson, 64 AD3d 792 [2009]; People v Ransome, 207 AD2d 504 [1994]).
The defendant also contends that he was deprived of the constitutional right to the effective assistance of counsel due to, among other things, defense counsel’s failure to give timely notice of an insanity defense. Although the failure to give such timely notice appears on the face of the record, the defendant’s ineffective assistance claim also depends, in part, upon matter outside the record, including a showing that defense counsel did not have a “strategic or other legitimate explanation[ ]” for his allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]). Since the defendant’s claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, he has presented a “ ‘mixed claim[ ]’ of ineffective assistance” (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Taylor, 98 AD3d 593, 594 [2012]; People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Skelos, J.P, Dillon, Hall and Miller, JJ., concur.