■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GURMEET SINGH, Appellant. [47 NYS3d 52]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cyrulnik, J.), rendered May 12, 2014, convicting him of rape in the first degree and kidnapping in the second degree as a sexually motivated felony, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in allowing the prosecutor to cross-examine him regarding an uncharged crime that occurred after the crimes charged in the subject indictment. The defendant opened the door to such proof by creating a misleading impression with his direct testimony (*see People v Massie*, 2 NY3d 179, 184 [2004]; *People v DeCarr*, 130 AD3d 1365, 1366-1367 [2015]; *People v Morgan*, 171 AD2d 698, 699 [1991]). Moreover, jurors are presumed to have followed a court's limiting instructions, and any prejudicial impact was

minimized here by the trial court's sufficient and repeated instructions that the defendant was not on trial for the incident which occurred after the crimes at issue and the evidence related thereto was permitted only to assist the jury in assessing the defendant's credibility (*see People v Morris*, 21 NY3d 588, 598 [2013]; *People v Nealon*, 36 AD3d 1076, 1078 [2007]).

The defendant's contention that he was deprived of a fair trial by certain alleged prosecutorial misconduct is not reviewable on direct appeal since it is based upon facts not appearing on the face of the trial record (*see People v Craft*, 104 AD3d 786, 788 [2013]). This claim may properly be reviewed only in the context of a postjudgment motion pursuant to CPL 440.10, which is designed for the purpose of developing matter dehors the trial record (*see People v Craft*, 104 AD3d at 788; *People v Franklin*, 77 AD3d 676 [2010]; *People v Johnson*, 64 AD3d 792, 793 [2009]; *People v Ransome*, 207 AD2d 504, 504 [1994]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see People v Ambers*, 26 NY3d 313, 320 [2015]; *People v Benevento*, 91 NY2d 708, 712 [1998]). The record as a whole demonstrates that the defendant received effective assistance of counsel under both the federal and state constitutional standards (*see Strickland v Washington*, 466 US 668, 688 [1984]; *People v Benevento*, 91 NY2d at 712; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.