People v Sobers (2025 NY Slip Op 00679)

People v Sobers

2025 NY Slip Op 00679

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2018-04449
 (Ind. No. 2788/15)

[*1]The People of the State of New York, respondent,
v
Christopher Sobers, appellant.

Patricia Pazner, New York, NY (Yvonne Shivers of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered March 20, 2018, convicting him of murder in the second degree, tampering with physical evidence, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the defendant's statements to the police were made after he was arrested with probable cause to believe he committed the crime, based upon the statements of witnesses that the defendant and the victim knew each other because they attended an outpatient mental health program at Elmhurst Hospital, the significant concerns about the defendant's mental state raised by those witnesses, the victim having been dropped off by taxi in the vicinity of the defendant's home on the evening of the crime, telephone records of numerous contacts between the victim's cell phone and the defendant's cell phone on the day of the crime, which abruptly stopped that evening, the fact that the defendant's cell phone pinged off a tower in proximity of his residence that evening, surveillance video recorded shortly after the crime showing the defendant with a tote bag resembling the victim's tote bag, and the defendant's statement to the police that he did not know the victim. No questioning about the murder took place until after the defendant was fully advised of his Miranda rights (see Miranda v Arizona, 384 US 436), and based on the defendant's age, education, and intelligence, he validly waived those rights (see People v Williams, 62 NY2d 285; People v Craft, 104 AD3d 786). The length of the detention, although a total of nine hours, did not undermine the voluntariness of the defendant's statements, as there were interruptions in the questioning where the defendant was left alone, he was provided with food, drink, and bathroom breaks, and medical attention was summoned (see People v Clark, 139 AD3d 1368; People v Weeks, 15 AD3d 845). Nor did the police strategy of falsely telling the defendant that they had DNA evidence linking him to the victim render his statement involuntary, as the deception was not so fundamentally unfair as to deny due process, and the police made no promise or threat to induce a false confession (see People v Tarsia, 50 NY2d 1, 11). Indeed, the defendant did not confess to the crime, but his inconsistent statements provided some evidence of his guilt.
Considering the totality of the evidence, the law, and the circumstances of the case, it is evident that trial counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 714; People v Smith, 163 AD3d 1005). Counsel's failure to challenge the search warrant of the defendant's backpack did not constitute ineffective assistance of counsel; the warrant was supported by probable cause (see People v Smith, 163 AD3d 1005).
The defendant's challenge to certain remarks made by the prosecutor during summation is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, the prosecutor's statements in summation, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760) or were fair response to defense counsel's comments during summation (see People v Clark, 222 AD2d 446; People v Vaughn, 209 AD2d 459). Any impropriety in the prosecutor's statements was "not so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court